PEATROSS, J.
[ iPIaintiffs, Patrick M. and Emily Deno-frio, sought partial summary judgment on the issue of uninsured/underinsured motorist insurance coverage (“UM”) against their insurer, Liberty Mutual Insurance Company (“Liberty Mutual”). The trial court denied the motion and the Denofrios appealed. Finding that the judgment was not an appealable judgment, on our own motion, this court converted the appeal to an application for supervisory writs and granted certiorari. For the reasons stated herein, we now affirm the judgment of the trial court denying the Denofrios’ motion for partial summary judgment.

FACTS

On June 5, 2005, Mr. Denofrio was involved in a two-car accident at the traffic light on North Market and North Common Streets in Shreveport. A vehicle driven by Defendant, Clydell Greer, struck Mr. Denofrio’s vehicle from the rear causing Mr. Denofrio to sustain injuries. The De-nofrios filed suit against Mr. Greer, his liability carrier and Liberty Mutual, the Denofrios’ insurer. Mr. Greer had liability coverage with Farm Bureau Insurance Company, which paid its policy limits of $10,000 and was dismissed from the suit. The Denofrios reserved their right to proceed against Liberty Mutual, their liability/UM carrier.
Liberty Mutual issued a liability policy to the Denofrios with an effective date of March 3, 2003, and bearing the policy number A02-291-094553. Attached to the policy is an “Uninsured/Underinsured Motorist Bodily Injury Coverage Form,” dated February 14, 2003, wherein Mr. Deno-frio selected UM economic only coverage. During the coverage |2period, the policy number was changed by one number to indicate that the Denofrios had become eligible for a group savings discount. No new UM rejection/selection form was executed and the policy number change was not reflected on the UM form. As a result, the UM rejection/selection form bears a slightly different policy number (one number different) from the liability policy. Based on this discrepancy, the Denofrios argue that the UM rejection/selection form is invalid and that there exists UM coverage in limits equal to the liability limits under the Liberty Mutual policy of $25,000. Accordingly, the Denofrios filed a motion for partial summary judgment on the issue of UM coverage. The trial court denied the motion, citing the general rule that the initial rejection of UM coverage is valid for renewal, reinstatement or substitute policies. This appeal ensued.

DISCUSSION

This court reviews summary judgments de novo. Wood v. State, Dept. Of Wildlife *1237 & Fisheries, 43,457 (La.App. 2d Cir.8/13/08), 989 So.2d 280. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Id.; La. C.C.P. art. 966(B).
In their first assignment of error, the Denofrios argue that the trial judge applied the incorrect standard in ruling on their motion for partial summary judgment. We find no merit in this argument. The Denofrios cite no authority for their position and provide little guidance as to what the alleged incorrect standard was or how the trial judge allegedly misapplied |sthe standard. The trial judge applied the applicable statute to the undisputed facts and ruled accordingly.
The second assignment of error challenges the ruling of the trial judge that the UM rejection/selection form was valid, despite the one number discrepancy in the policy numbers. The applicable statute is La. R.S. 22:680(l)(a)(ii), which provides, in pertinent part:
The following provisions shall govern the issuance of uninsured motorist coverage in this state:
[[Image here]]
(ii) Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.
|4(Emphasis added.)
In the case sub judice, Liberty Mutual emphasizes that the Denofrios were covered by the same policy, bearing the same contract serial number, with no interruption of coverage from the effective date through and including the date of the accident. It argues that the UM rejection form remained valid for the life of the policy because the policy was continuously renewed with no changes in the limits of liability at any time. We agree.
*1238 According to the uncontradieted affidavit of Lee Anne Valiensi, Manager of Compliance Analysis with Liberty Mutual, the Denofrios were insured under this policy continuously and without interruption through and including June 5, 2005, the date of the accident. In July 2004, however, the Denofrios became eligible for a group savings plus discount. At that time, the policy number was changed from A02-291-094553 to A02-298-094553. The affidavit further explains that the number “1” in the former policy number designated the policy as issued to an individual not eligible for a group savings discount and the number “8” in the latter policy number designated that the insured had qualified for the group discount. Ms. Valiensi testified in her affidavit that the final segment of numbers in the policy numbers (094553) is the contract serial number for this specific policy and remained unchanged during the coverage period.
Further, Mr. Denofrio does not dispute that the UM rejection/selection form was validly executed at the inception of the insurance policy. Rather, the Denofrios argue that the changing of a number in the policy number sequence renders the UM rejection/selection form |5invalid as it is no longer a “properly completed and signed form” as required by La. R.S. 22:680(l)(a)(ii). We are not persuaded by this argument. Mr. Denofrio executed a properly completed and signed form on February 14, 2003, as part of the same liability policy that has been in effect since March 2003 and was in effect at the time of the accident. A slight discrepancy in the policy number between the policy and the UM rejection/selection form will not, alone, invalidate an otherwise valid form, where it is clear that the insured was either waiving UM coverage or selecting economic-only or lower limits of coverage in a policy renewal situation. See Lee v. Naquin, 05-606 (La.App. 5th Cir.2/3/06), 924 So.2d 250.
The Denofrios further argue that the form is invalid because it was only signed by one of the two insureds, Mr. Denofrio. La. R.S. 22:680(l)(a)(i) provides that “any insured” named in the policy can reject coverage, select lower limits or select economic-only coverage. It is not necessary that both insureds sign the UM rejection/selection form for the selections to be effective. Bullock v. Homestead Ins. Co., 29,536 (La.App. 2d Cir.6/20/97), 697 So.2d 712.
In summary, our de novo review leads us to conclude that the undisputed facts reveal a valid UM rejection/selection form under'La. R.S. 22:680. We find no error on the part of the trial judge in denying partial summary judgment on the issue of UM coverage.

\ CONCLUSION

For the foregoing reasons, the judgment of the trial court denying the motion for partial summary judgment filed by Plaintiffs, Patrick M. and Emily Denofrio, is affirmed. Costs of appeal are assessed to the Denofrios.
AFFIRMED.