JUDE G. GRAVOIS, Judge.
|2The plaintiff, Luis Rodriguez, has appealed a judgment of the trial court granting Progressive Security Insurance Company’s motion for summary judgment and denying plaintiffs counter motion for partial summary judgment. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

On March 25, 2008, plaintiff was injured in a two-vehicle accident while driving a truck owned by his employer, Cancienne Plumbing, Inc. (“Cancienne”). He filed suit against the other driver and her insurer.[1] The suit also named Cancienne’s insurance carrier, Progressive Security Insurance Company (“Progressive”) as a defendant, alleging that Progressive’s policy included uninsured/underinsured motorist bodily injury coverage (“UMBI”). Progressive filed a motion for summary judgment, arguing that there was no UMBI coverage because Cancienne had executed a valid UMBI coverage rejection form. Plaintiff filed a counter motion for partial summary judgment, claiming that Canei-enne’s |SUMBI coverage rejection was not valid. Following a hearing, the trial court granted Progressive’s motion and denied plaintiffs motion.[2] Thus, the issue on appeal is whether Cancienne’s UMBI coverage rejection is valid.

LAW AND ANALYSIS

A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In determining whether summary judgment is appropriate, the appellate court must conduct a de novo review using the same criteria that governs the trial court’s determination of whether summary judgment is proper. Green v. State Farm Mutual Automobile Ins. Co., 07-0094, p. 3 (La.App. 1 Cir. 11/2/07), 978 So.2d 912, 914, writ denied, 08-0074 *653 (La.3/7/08), 977 So.2d 917. In such motion, if the issue before the court is one on which the party bringing the motion will bear the burden of proof at trial, the burden of showing that there is no genuine issue of material fact is on the party bringing the motion. La. C.C.P. art. 966(C)(2).
Whether an insurance policy provides or precludes coverage is a dispute that can be decided within the framework of a motion for summary judgment. Green, 07-0094 at p. 3, 978 So.2d at 914. Summary judgment declaring a lack of coverage under an insurance policy may only be granted when there is no reasonable interpretation of the policy under which coverage can be provided, when applied to the undisputed material facts shown by the evidence supporting the motion. Id.
14A rejection of UMBI coverage must be made on a form prescribed by the commissioner of insurance. LSA-R.S. 22:1295(l)(a)(ii). This statute further provides:
... The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.
In support of its motion for summary judgment, Progressive attached an affidavit of Richard Cancienne, who attested that:
• he is the owner of Cancienne Plumbing, Inc.;
• Cancienne Plumbing, Inc. purchased a policy of insurance from Progressive covering the policy period from June 4, 2007 to June 4, 2008;
• on December 2, 2002, Cynthia Hefner, as a legal representative of Cancienne Plumbing, Inc., executed a form rejecting UMBI coverage; and
• Ms. Hefner was authorized to so act on December 2, 2002 on behalf of Can-cienne Plumbing, Inc.
Additionally, in his deposition, Richard Cancienne testified that he initialed on the UMBI coverage rejection form next to the section rejecting UMBI coverage because he knew that this would lower his insurance rates.
Progressive also submitted an affidavit of Ms. Hefner, who attested that:
• she was authorized to act on behalf of Cancienne Plumbing, Inc. and executed the UMBI rejection form when the policy in question was purchased by Cancienne Plumbing, Inc. from Progressive on December 2, 2002; and
• Richard Cancienne’s initials are on the UMBI rejection form next to Option 5 which states, “I do not want UMBI Coverage. I understand that |SI will not be compensated through UMBI Coverage for losses arising from an accident caused by an uninsured/un-derinsured motorist.”
In opposition to Progressive’s motion and in support of its own motion, plaintiff contends that the “named insured” *654 changed during the period between the execution of the UMBI coverage rejection form and the date of the accident.[3] Specifically, plaintiff contends that:
• when the UMBI rejection form was executed on December 2, 2002, the named insured on the policy was “Can-cienne Plumbing Inc.”;
• on December 4, 2002, the named insured on the policy was changed to “Cancienne Plum Tuning”; and
• on February 27, 2004, the named insured on the policy was changed to “Cancienne Plumbing”.[4]
Plaintiff does not dispute that the December 2, 2002 UMBI coverage rejection form was validly executed. Rather, plaintiff argues that due to these changes to the “named insured” on the policy, under the above-quoted portion of LSA-R.S. 22:1295(l)(a)(ii), there was no valid UMBI rejection form in effect at the time of the March 25, 2008 accident. Plaintiff contends that the policy holder was not the “same named insured” as required by the statute, and that these changes to the “named insured” on the policy after December 2, 2002 and prior to the accident in question renders the December 2, 2002 UMBI coverage rejection form invalid. For the following reasons, we are not persuaded by plaintiffs arguments.
LSA-R.S. 22:1295(l)(a)(ii) also provides in pertinent part:
... Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms....
|(;The record in this case reflects that during the entire relevant time period, there were no changes in the limits of liability to the existing Progressive policy. Also,' the policy number remained the same. The record also reflects that the entity that was insured remained the same over the course of the entire relevant time period; for whatever reason, as noted above, the name that was designated as the “named insured” on the policy was changed slightly twice.
Plaintiff urges this Court to adopt the reasoning in Munsch v. Liberty Mutual Ins. Co., 05-0147 (La.App. 1 Cir.2/10/06), 928 So.2d 608. In Munsch, the court found that the surviving spouse was not the same named insured as covered in the previous policy renewals and held that the deceased husband’s previous selection of lower UMBI coverage did not remain valid after the policy was transferred into his surviving spouse’s name, reasoning that the original named insured (the deceased husband) was not the same person or party as the new named insured (the surviving spouse). We find, however, the facts in Munsch to be distinguishable from those in this case. In Munsch, the surviving spouse, who became the named insured after her husband died, never had an opportunity to select or reject UMBI coverage. In this case, the insured entity remained the same, despite the slight changes to the name that was designated *655 as the “named insured” on the policy. Further, the record is clear that the owner of the entity (Mr. Cancienne) remained the same, and he stated that he rejected UMBI coverage in order to lower his insurance rates. Under the particular facts of this case, we find that LSA-R.S. 22:1295(l)(a)(ii) did not require a new UMBI coverage rejection waiver form to be obtained.
The legislature has made it clear that “[a] properly completed and signed [UMBI coverage rejection] form creates a rebutta-ble presumption that the insured knowingly rejected coverage....” La. R.S. 22:680(l)(a)(ii). Plaintiff has not | presented sufficient evidence to rebut the presumption that Cancienne’s waiver rejecting UMBI coverage was invalid. Thus, under the particular facts of this case, we find that Progressive has established that it is entitled to judgment as a matter of law upholding the validity of Cancienne’s UMBI coverage rejection form.[5]

CONCLUSION

For the foregoing reasons, the judgment of the trial court granting Progressive’s motion for summary judgment and denying plaintiffs motion for partial summary judgment is affirmed.

AFFIRMED

. Plaintiff’s action against the other driver and her insurer are not part of this appeal.

. The trial court orally rendered its ruling on the motions at the end of the hearing held thereon on January 28, 2011. The trial court’s written judgment on the motions was signed on February 14, 2011.

. In memoranda in support of his motion and in opposition to Progressive's motion, plaintiff raised questions as to whether the form contained the date and the policy number at the time it was executed. However, at the hearing on the motions and on appeal, plaintiff has limited his argument to the effect of the changes made to the name of the insured on the policy. Accordingly, these issues are considered abandoned. See, Rule 2-12.4, Uniform Rules-Courts of Appeal.

. Between February 27, 2004 and up to and including the date of the accident on March 25, 2008, the named insured on the policy remained "Cancienne Plumbing”.

. See also Savant v. American Cent. Ins. Co., 98-542 (La.App. 3 Cir. 12/9/98), 725 So.2d 43, writ denied, 99-0060 (La.3/12/99), 739 So.2d 202 (holding that when the addition of an insured does not have the effect of increasing coverage under the policy, there is no "new policy” which would require a new uninsured motorist (UM) rejection form); and Denofrio v. Greer, 44,066 (La.App. 2 Cir. 1/14/09), 999 So.2d 1235, 1238, writ denied, 09-0383 (La.4/13/09), 5 So.3d 164 (holding that a slight discrepancy in the policy number between the policy and the UM rejection form will not, alone, invalidate an otherwise valid form, where it is clear that the insured was either waiving UM coverage or selecting economic-only or lower limits of coverage in a policy renewal).